Suzanne KNORR, Plaintiff,

v.

ABBEY RICHMOND, A DIVISION OF ARCO MEDICAL SUPPLY CORPORATION, Defendant.

No. 82 Civ. 3141 (KTD).

United States District Court, S.D. New York.

Aug. 24, 1983.

Irwin Geller, Committee of Interns & Residents Legal Service Plan, New York City, for plaintiff; Rachel Roat, Brooklyn, of counsel.

Hecker & Hecker, White Plains, for defendant; Leonard Hecker, White Plains, N.Y., of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

Plaintiff, Suzanne Knorr, an Emergency Medical Technician, commenced this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, against her former employer, Abbey Richmond, a Division of ARCO Medical Supply Corporation, a private ambulance service operator operating under government contracts.[1] Plaintiff was employed by the defendant from January 17, 1980 until she was fired on January 21, 1982. Plaintiff's complaint alleges that the defendant discriminated against her on the basis of sex when it refused to promote her to the position of paramedic, a position for which she claims she was eligible. She further alleged that she was wrongfully discharged in retaliation for her filing of a discrimination suit five months earlier with the Equal Employment Opportunity Commission ("EEOC"). On February 22, 1982, and August 24, 1982, the EEOC issued to plaintiff Notices of Right to sue on each of her sex discrimination charges. The defendant now moves for summary judgment pursuant to Fed.R.Civ.P. 56(b).

Defendant argues that plaintiff is bound by the terms of two collective bargaining

---

1. Plaintiff's complaint also alleged causes of action under 42 U.S.C. § 1983, the Equal Protection Clause of the Fourteenth Amendment, and the New York Human Rights Law, Executive Law section 290, *et seq.*

agreements entered into between the ARCO Medical Supply Corporation and the Teamsters & Chauffeurs Union, affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America (the "Teamsters"). Plaintiff was a dues' paying union member during her employment and up to May 3, 1982. Defendant maintains that the arbitration/grievance resolution procedure clauses of the agreements are mandatory upon union members and that therefore, plaintiff may not initiate a court action before exhausting her contractual remedies. In the alternative, defendant urges that the plaintiff lacks standing to sue because only the Teamsters Union, and not one of its individual members may bring this action.

■ First, I note that on their face, neither collective bargaining agreement makes arbitration mandatory.

If any grievance is not satisfactorily settled by the parties, either party to this agreement *may* within fifteen (15) calendar days or any extension thereof of the occurrence of the incident which gave rise to the grievance submit a written demand for arbitration to the other party with a copy of such demand to the American Arbitration Association.

Defendant's Notice of Motion, Exh. A, Article XV (emphasis added). The second agreement similarly states that disputes "may" be put to arbitration. Defendant's Notice of Motion, Exhibit B at 11–12.

Defendant principally relies on *Local 771, I.A.T.S.E., AFL CIO v. RKO General, Inc.,* 546 F.2d 1107 (2d Cir.1977) which held that in a labor dispute governed by the National Labor Relations Act, section 10(k), arbitration of a dispute between the union and the company was the exclusive remedy. *RKO General,* however, was not a Title VII action.

In *Alexander v. Gardner-Denver Co.,* the Supreme Court noted the "distinctly separate nature of . . . contractual and statutory rights," holding that an arbitration judgment which purported to be final on the petitioner's employment discrimination claim had no preclusive effect in a Title VII

action brought in federal court. 415 U.S. 36, 50, 94 S.Ct. 1011, 1020, 39 L.Ed.2d 147 (1974). The Court found that the legislative intent behind the Title VII scheme was "to accord parallel or overlapping remedies against discrimination." *Id.* at 47, 94 S.Ct. at 1019. Thus, plaintiff's statutory right to sue under Title VII may not be abridged by an agreement which merely makes arbitration available. *See id.* at 50, 94 S.Ct. at 1020; *see also Williams v. Owens-Illinois, Inc.,* 665 F.2d 918, 932 (9th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 302, 74 L.Ed.2d 283 (1983) (policy enunciated in *Alexander v. Gardner-Denver* "argues strongly in favor of permitting a Title VII claimant to recover even if he or she failed to exhaust contractual remedies"); *Donaldson v. Taylor Products Division of Tecumseh,* 620 F.2d 155, 158 (7th Cir.1980) (there is no requirement that union member exhaust internal union remedies before bringing a civil rights suit under Title VII).

■ Defendant further argues that the plaintiff lacks standing to sue her employer because an individual employee has no rights under a collective bargaining agreement except through her union. Because Title VII grants plaintiff a private right of action independent of any collective bargaining agreement, I find this argument without merit. *See Alexander v. Gardner-Denver Co.,* 415 U.S. at 45, 94 S.Ct. at 1018.

For the foregoing reasons, defendant's motion for summary judgment is denied.

SO ORDERED.